FILED

00 JAN 20 AM 9:48

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DEBORAH NEWELL, individually and ) <br> DEBORAH NEWELL, as next friend of ) <br> her minor son, BRADLEY PIPKINS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANKLIN COUNTY SCHOOL BOARD, ) <br> et al., ) <br> ) <br> Defendants. ) | No.   CV 99-J-2558-NW |

ENTERED

JAN 2 0 2000

## MEMORANDUM OPINION

Currently before the Court is Defendants' motion to dismiss (doc. 2). For the reasons set forth below, the Court is of the opinion said motion is to be GRANTED.

In granting a motion to dismiss, the Court must accept the factual allegations of the complaint as true and may grant the dismissal of the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59, 65 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80, 85-86 (1957). Taking the facts alleged to be true in the case at bar, this Court is of the opinion no relief can be had as against the defendants under 42 U.S.C. § 1983.

The issue of corporal punishment as it relates to an individual student's substantive and procedural due process rights under the Fourteenth Amendment has been resolved as being within the parameters of legitimate educational goals. *See Ingraham v. Wright,* 525 F.2d 909 (5th Cir. 1976)(*en banc*) *affirmed on other grounds,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).[1]  Therefore, a cause of action under 42 U.S.C. § 1983 alleging a deprivation of rights secured through the Fourteenth Amendment by subjecting an individual to extreme corporal punishment fails to state a claim upon which relief can be granted.

Moreover, where state law provides a remedy for those who allege that corporal punishment was instituted excessively, the individuals procedural due process rights are adequately protected and the state courts are the proper forum for litigation. *Ingraham,* 430 U.S. at 678, 97 S.Ct. at 1416.  In situations, such as the one currently before the Court, where the State of Alabama provides Plaintiff with both criminal and civil statutes under which he may proceed, this Court's exercise of jurisdiction would be inappropriate at best.

As Plaintiff's cause of action under 42 U.S.C. § 1983 fails and the remaining claims are better suited for resolution in the state courts, the Court is of the opinion Defendants' motion to dismiss is due to be granted.  Therefore, in accordance with the

---

[1] In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir. 1981), the 11th Circuit adopted as binding precedent the decisions issued by the 5th Circuit prior to the close of business on September 30, 1981.

order contemporaneously issued by this Court, Defendants' motion to dismiss is hereby **GRANTED**.

**DONE and ORDERED** this the  19  day of January, 2000.

*[signature]*
Inge P. Johnson
United States District Judge